## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

**BENJAMIN TILLMAN,**

      **Petitioner,**

**v.**                                         **Case No. 1:18-cv-01244**

**BARBARA RICKARD, Warden,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and his Motion for Summary Judgment (ECF No. 23), as well as Respondent's Motion to Dismiss, or in the alternative, Motion to Transfer (ECF No. 19), filed in conjunction with her Response to the section 2241 petition.

### RELEVANT PROCEDURAL HISTORY

### A.    Petitioner's criminal proceedings

Petitioner is incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving a 480-month term of imprisonment imposed by the United States District Court for the Northern District of Florida, following his conviction by a jury, on February 4, 1997, on one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(iii), as pled in

Count One of the indictment. (*See United States v. Tillman*, No. 3:96-cr-00058, ECF No. 63; *see also* ECF No. 2, App'x B herein). Petitioner's statutory sentencing range of 10 years to life in prison was increased to 20 years to life based upon the government's filing of an information under 21 U.S.C. § 851 (ECF No. 2, Appx. S) setting forth that the petitioner was convicted in 1993 in the Circuit Court of Escambia County, Florida, of possession of cocaine, a third degree felony under Fla. Stat. § 893.13(1)(f), which carried a penalty of a term of imprisonment not exceeding five years. *See* Fla. Stat. §§ 893.13(1)(f) and 775.982(3)(d). On April 18, 1997, Petitioner was sentenced to 480 months (40 years) in prison, followed by a 10-year term of supervised release.[1]

Petitioner unsuccessfully appealed his Judgment to the United States Court of Appeals for the Eleventh Circuit. *United States v. Tillman*, No. 97-2513, 138 F.3d 957 (11th Cir. Mar. 4, 1998). Thereafter, the Supreme Court denied him a writ of certiorari, and his Judgment became final on October 13, 1998. *Tillman v. United States*, 525 U.S. 699 (1998).

On July 19, 1999, Petitioner filed a motion for a new trial, which was denied on July 22, 1999. (Case No. 3:96-cr-00058, ECF Nos. 157, 158). On appeal, the Eleventh Circuit affirmed the denial of the motion for a new trial. *United States v. Tillman*, No. 99-12653, 260 F.3d 625 (11th Cir. May 23, 2001).

## B. Petitioner's collateral review proceedings

Petitioner filed an initial Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in his sentencing court on October 4, 1999. (Case No. 3:96-cr-00058,

---

[1] At his sentencing hearing, the district court attributed 72.9 kilograms of cocaine base as relevant conduct to Petitioner's conspiracy offense. Thus, he was sentenced under 21 U.S.C. § 841(b)(1)(A), based upon that drug quantity. (ECF No. 2 at 28 and Appx. 4 [filed under seal in ECF No. 4]).

ECF No. 178). That motion was ultimately denied on January 2, 2001. (*Id.*, ECF No. 232). Petitioner's motion under Rules 59(e) and 60(b) was subsequently denied on February 8, 2001. (*Id.*, ECF Nos. 234, 239). He unsuccessfully appealed the denial of those motions to the Eleventh Circuit. (*Id.*, ECF No. 271) (Order denying certificate of appealability and dismissing Appeal Nos. 01-01389-A and 01-11447-A (11th Cir. Sept. 18, 2001)).[2]

On January 22, 2002, Petitioner filed a second § 2255 motion, which was summarily dismissed as untimely on May 9, 2002. (*Id.*, ECF Nos. 274, 282, 283). His appeal of the dismissal of that motion (No. 02-13019-D) was unsuccessful. (*Id.,* ECF Nos. 284, 301). By his own admission, and as further set forth in greater detail in Respondent's Response, Petitioner has since filed numerous additional post-conviction motions seeking to be resentenced, motions seeking authorization from the Eleventh Circuit to file a second or successive motion under § 2255, and motions under 18 U.S.C. § 3582 seeking a reduction of his sentence, all of which have been denied. (ECF No. 19 at 4-8).[3] These motions will be addressed as necessary *infra*.

### C. The instant section 2241 petition

On August 22, 2018, Petitioner filed the instant § 2241 petition in this court, asserting the following grounds for relief:

> 1.  This Honorable Court can apply its savings clause test set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000) to Petitioner's claim (under his conviction context) that the Supreme Court's holding in *McFadden v. U.S.*, 135 S. Ct. 2298 [] (2015) establishes that the government did not sustain its burden of proof that Petitioner knew that the alleged substance implicated in his case was a controlled substance analogue.

---

2  Respondent's brief appears to have overlooked these filings.
3  According to Respondent's Response, the Eleventh Circuit has denied 12 prior attempts by Petitioner seeking authorization to file second or successive § 2255 motions. (ECF No. 19 at 15).

2. This Honorable Court can in the alternative apply its savings clause test set forth in *U.S. v. Gerald Adrian Wheeler*, [886 F.3d 415 (4th Cir. 2018)] to Petitioner's *McFadden* claim (in a sentencing context) where preserved and unique circumstances in the case extends to the "identity of the drug" where the amended version of the crack/powder disparity in light of Supreme Court precedent and the rule of lenity subjecting petitioner to a lower term of imprisonment.

3. This Honorable Court should further apply its [*Wheeler* test] to Petitioner's previous preserved and unique circumstances (impacted) by *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) sought to the Eleventh Circuit Court of Appeals for adoption, where Petitioner's 21 U.S.C. § 851 enhancement erroneously increases his mandatory minimum that's supported by an "oral stipulation" made by the AUSA Edwin F. Knight to revisit petitioner's sentence on future review "if grounds existed."

4. This Honorable Court should further apply its [*Wheeler* test] to Petitioner's previous preserved and unique circumstances (impacted) by the Supreme Court's holding in *Lopez v. Gonzales*, [127 S. Ct. 625] (2006) and *Moncrieffe v. Holder*, [133 S. Ct. 1678] (2013) applied to Petitioner's erroneous 21 U.S.C. § 851 enhancement that increases his mandatory minimum that's supported by an "oral stipulation" made by the AUSA Edwin F. Knight to revisit Petitioner's sentence on future review "if grounds existed."[4]

5. This Honorable Court should further apply its [*Wheeler* test] to Petitioner's previous preserved and unique circumstances (impacted) by the Eleventh Circuit Court of Appeals' holding in *U.S. v. Clarke*, 822 F.3d 1213 (11th Cir. 2016) in these proceedings that can further create a decrease in Petitioner's erroneous 21 U.S.C. § 851 enhancement reflecting his mandatory minimum.

6. This Honorable Court can further apply its [*Wheeler* test] to Petitioner's *U.S. v. Luis Ocampo-Estrada*, 868 F.3d 1101 (9th Cir. 2017) and *Gordon v. U.S.A.G.*, 861 F.3d 1314 (11th Cir. 2017) claims supported by compelling and unique circumstances that further invalidate Petitioner's prior offense enhancement under 21 U.S.C. § 851 for a Fla. State offense pursuant to § 893.13(1)(f) used to further increase Petitioner's mandatory minimum.

---

4 By Order entered on September 26, 2019 (ECF No. 27), the undersigned granted the petitioner's Motion to Take Judicial Notice of the Recent Holding in *Deon Jones v. U.S. Att'y* Gen., 742 F. App'x 491 (11th Cir. 2018) (ECF No. 13), stating that the court would treat the motion as a supplement to Ground Four of Petitioner's § 2241 petition.

(ECF No. 1 at 6-8).  Petitioner seeks a new trial, or to be re-sentenced without his section 851 enhancement, or to be re-sentenced to time served.  (*Id*. at 8).

On April 15, 2019, Respondent filed a Response to Order to Show Cause, Motion to Dismiss, or in the alternative, Motion to Transfer (ECF No. 19), asserting that Petitioner's § 2241 petition should be dismissed for lack of jurisdiction because it does not meet the requirements of the "savings clause" contained in 28 U.S.C. § 2255(e) for review in this court under § 2241.  The Response further asserts that this matter is not appropriate for transfer to Petitioner's sentencing court because he unsuccessfully filed a prior § 2255 motion and has not been authorized by the United States Court of Appeals for the Eleventh Circuit to file another second or successive motion under § 2255.[5]

On May 5, 2019, Petitioner filed a Reply brief.  (ECF No. 22).  Then, on May 13, 2019, Petitioner filed the instant Motion for Summary Judgment (ECF No. 23).  Both documents assert that Respondent did not sufficiently address each of the prongs of the *Jones* and *Wheeler* tests for application of the savings clause to his claims and that he is entitled to judgment as a matter of law on each claim.  This matter is ripe for adjudication.

## **STANDARDS OF REVIEW**

Petitioner's claims clearly challenge the validity of his conviction and sentence, and not the manner in which his sentence is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Northern District of Florida.  Normally, a § 2255 motion filed in a court other than the

---

5 Although the title of Respondent's Response document also contains an alternative motion to transfer, it is clear from the substance of the document that Respondent is not requesting that the matter be transferred to Petitioner's sentencing court.

sentencing court should be transferred to the sentencing court.  However, as noted in the procedural history, Petitioner was previously denied § 2255 relief in that court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.  *Id.* at 332.

Thus, before considering Petitioner's § 2241 petition on its merits, the court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241.  In *Jones*, the Fourth Circuit established the following three-factor analysis to determine whether § 2255 is inadequate or ineffective with respect to a challenge to the conviction itself:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334 (hereinafter "the *Jones* test"). Recently, the Fourth Circuit modified the *Jones* test and extended the savings clause analysis to sentencing challenges that can meet all of the following criteria:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) (hereinafter "the *Wheeler* test"). The *Jones* test is applicable to Petitioner's first claim in his petition. The *Wheeler* test appears to be applicable to his remaining claims.

As noted above, the savings clause contained in § 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255. Thus, the fact that Petitioner's prior § 2255 motions were denied does not make § 2255 inadequate or ineffective to test the legality of his detention and, standing alone, will not permit this court to review his claims under § 2241.

In interpreting the phrase "this circuit," as used in both standards, the Fourth Circuit has held that it is the law of the petitioner's circuit of conviction and sentencing, which in this case is the Eleventh Circuit, that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we

7

look to the substantive law of the circuit where a defendant was convicted."); *see also Van Hoorelbeke v. United States*, No. CA-0-08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan, 8, 2010) (citing *Chaney v. O'Brien*, No. 07-0012, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that, in applying the second prong of the *Jones* test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted"); *Eames v. Jones*, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011) (finding the law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit); *Gordon v. Conley*, No. 5:99-cv-00204, 2000 WL 34240482 (S.D. W. Va., June 30, 2000) ("'[C]hange in law' is not to be equated with a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated . . . .").

As noted by the *Chaney* court, and affirmed by the Fourth Circuit, "applying the substantive law of the place of confinement . . . would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." 2007 WL 1189641 at *3 [other citations omitted]. Using these criteria, the undersigned will proceed to address each of Petitioner's grounds for relief to determine whether he meets the savings clause with respect to each claim.

## ANALYSIS

### A.    Ground One

In Ground One of his § 2241 petition, Petitioner asserts that the United States of America (hereinafter "the Government") did not sustain its burden of proof with respect

to his knowledge that the substance involved in his case was a controlled substance.[6]  In support of this claim, Petitioner relies upon the Supreme Court's decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015) and the Eleventh Circuit's decision in *United States v. Louis*, 861 F.3d 1330 (11th Cir. 2017).

In *McFadden*, the Court considered the *mens rea* requirement for violations of the Controlled Substance Analogue Act of 1986 ("Analogue Act"), 21 U.S.C. §§ 802(32), 813.[7] The Court held that "in order to convict a defendant of violating the Analogue Act, the Government must prove that the defendant knew that the substance he is dealing with is some unspecified substance listed on the federal drug schedules" and that the defendant "knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue."  135 S. Ct. at 2304-05.  Petitioner claims that *McFadden* represents a non-constitutional, retroactive substantive change in the law, that has occurred since his direct appeal and initial § 2255 motion, which should entitle him to relief under § 2241. He contends that "*McFadden* construed the reach of a federal statute more narrowly than its broadest possible meaning, requiring the government to prove facts in order to convict a defendant under 21 U.S.C. § 841[(a)] consistent with 21 U.S.C. § 802."  (ECF No. 2 at 10-11.

---

6  The petition documents actually state that the "Government did not sustain its burden of proof that Petitioner "knew that the alleged substance implicated in his case was a controlled substance analogue." (ECF No. 1 at 6; ECF No. 2 at 5, 23).

7  Controlled substance analogues are substances that have chemical structures that are substantially similar to Schedule I and II controlled substances, but do not include controlled substances.  21 U.S.C. § 802(32)(A) and (C)(i).  Pursuant to 21 U.S.C. § 813, "a controlled substance analogue shall, to the extent intended for human consumption, be treated for the purposes of any Federal law as a controlled substance in schedule I.  21 U.S.C. § 813.

However, Petitioner was not convicted under the Analogue Act. Rather, Petitioner's conviction was for a violation of 21 U.S.C. § 841(a)(1) and 846 for conspiring to possess with intent to distribute "cocaine base," which is not an controlled substance analogue, and clearly appears as a schedule II controlled substance under 21 U.S.C. § 812(a)(4). Thus, it would appear that *McFadden* has no direct effect on Petitioner's conviction.

Nonetheless, it appears that Petitioner is relying on *McFadden* to argue that, at the time of his conviction, the Government did not prove beyond a reasonable doubt that Petitioner knew the substance he was dealing with was "cocaine base" (or "crack cocaine") and that it was a controlled substance. He contends that "no drugs were ever recovered as evidence and/or introduced in this case as to the 'scientific identity' of the alleged Controlled Substance." (ECF No. 2 at 13). He further contends that, throughout his direct criminal proceedings, the Government failed to produce any evidence, other than "hearsay testimony," concerning the actual drug involved in the case, and that there was no evidence to establish that the drug was "crack cocaine." (*Id.* at 13-19).

Petitioner has already been denied authorization to pursue this claim for relief in a second or successive § 2255 motion. *See In re Tillman*, No. 15-13091-G (11th Cir. Aug. 3, 2015) (ECF No. 2, Appx. A). In denying such authorization, the Eleventh Circuit noted that *McFadden* is not a "new rule of constitutional law" for the purposes of a successive § 2255 motion because it is a "new rule of statutory interpretation." *Id.* (citing *McFadden*, 135 S. Ct. at 2302); *see also United States v. Newbold*, 686 F. App'x 181, 186 (4th Cir. 2017) ("As a new rule of statutory interpretation, *McFadden* applies to Newbold's case because 'a new rule for the conduct of criminal prosecutions is to be applied retroactively

10

to all cases, state or federal, pending on direct review or not yet final.'") Thus, Petitioner contends that his claim meets the third factor of the *Jones* test for consideration under the savings clause because he cannot meet the gatekeeping provisions to bring a second or successive § 2255 motion on this basis.

Pursuant to the Fourth Circuit's holding in *Hahn, supra,* aside from Supreme Court authority, for the purpose of applying the savings clause, it is a change in the law of the appellate court where Petitioner was convicted that controls. 931 F.3d at 301. Here, since Petitioner was convicted within the Eleventh Circuit, it is the substantive law of that circuit that governs herein, and not that of the Fourth Circuit. In further support of this claim, Petitioner's Memorandum of Law cites to *United States v. Louis*, 861 F.3d 1330 (11th Cir. 2017), which was a direct appeal, quoting the following text therefrom:

> To sustain a conviction of the substantive offense of possession under § 841, the government must prove knowing possession of a controlled substance with intent to distribute it. *See United States v. Figueroa*, 720 F.2d 1239, 1244 (11th Cir. 1983). The government must therefore prove that the defendant knew the substance [wa]s a controlled substance. *See, e.g., United States v. Sanders*, 668 F.3d 1244 (11th Cir. 2012) (per curiam)(internal quotation marks omitted); *United States v. Gomez*, 905 F.2d 1513, 1514 (11th Cir. 1990).

> Recently, in [*McFadden*], the Supreme Court reemphasized this knowledge requirement. [Citation omitted]. Justice Thomas writing for a near unanimous court, wrote that § 841 "requires the government to establish that the defendant knew he was dealing with a controlled substance." *See Id.* The court rejected the government's proposed broader definition that the knowledge requirement would be met if the "defendant knew he was dealing with an illegal or regulated substance under some law." *Id.* . . . Following the clear guidance in *McFadden* to prove that Louis "knowingly or intentionally possessed with intent to . . . distribute . . . a controlled substance" under § 841 the government would have to prove that Louis knew the boxes contained a controlled substance and not a contraband illegal under *some* law.

> After a careful review of the record and the parties' briefs, we conclude that no reasonable jury could find from the little evidence presented during the two-day trial that Louis is guilty of violating § 846 and 841 beyond a reasonable doubt.

861 F.3d at 1333-34.  Thus, Petitioner contends that the Eleventh Circuit reversed Louis' conviction based upon *McFadden* under circumstances identical to the facts and circumstances of his case.

To the extent, however, that Petitioner is relying on *McFadden* to support his claim that the Government did not prove the *mens rea* element in his case, at the time Petitioner was convicted, the law already required proof of the defendant's knowledge that he was dealing with a controlled substance for violations of the Controlled Substances Act.  *See United States v. Figueroa*, 720 F.2d 1239, 1244 (11th Cir. 1983) (also cited in *Louis*, 861 F.3d at 1333).  *McFadden* merely clarified how the *mens rea* requirement applies with respect to controlled substance analogues.  Thus, even to the extent that *McFadden* could be deemed substantively retroactive, it would be so only in the context of analogues.

Petitioner acknowledges that he unsuccessfully asserted his argument that the Government failed to prove the identity of the drug in his direct appeal to the Eleventh Circuit and his petition for a writ of certiorari to the Supreme Court.  (ECF No. 2 at 17-19).  Thus, it was a claim that was available to him at the time of his conviction.  Therefore, with respect to Petitioner's judgment, *McFadden* does not set forth a new, retroactively applicable substantive rule indicating that Petitioner was convicted of a non-existent offense or that his conduct is no longer criminal.

Petitioner also previously unsuccessfully raised this issue in another § 2241 petition filed while he was incarcerated in the Western District of Louisiana.  *Tillman v.*

*Barnhart*, No. 1:16-cv-01304, 2016 WL 7670696 (W.D. La. Sept. 23, 2016), *report and recommendation adopted by* 2017 WL 89469 (W.D. La. Jan. 9, 2017).  In the appeal therefrom, the United States Court of Appeals for the Fifth Circuit found as follows:

> Tillman asserted that under [*McFadden*], he was convicted of a nonexistent offense because he lacked the requisite mens rea; *McFadden* applied retroactively; and, as such, his claim fell under 28 U.S.C. § 2255's savings clause.  The district court dismissed the case for want of jurisdiction.

> Tillman fails to meet his burden of showing that his claim fell under § 2255's savings clause.  His contention that the Government failed to introduce the controlled substance at issue and prove the type of substance does not show that he was convicted of a non-existent offense.  *See McFadden*, 135 S. Ct. at 2303-04; *see Reyes-Requena v. United States*, 243 F.3d 893, 900-04 (5th Cir. 2001).  Accordingly, the district court properly dismissed the motion for lack of jurisdiction.  *See Reyes-Requena v. United States*, 243 F.3d at 895 n.3; *see also Solsona v. Warden, FCI*, 821 F.2d 1129, 1132 (5th Cir. 1987).

*Tillman v. Barnhart*, 728 F. App'x 361 (5th Cir. 2018).  Petitioner's transfer of custody into the jurisdiction of a court within the Fourth Circuit and his new reliance on the Eleventh Circuit's decision in *Louis,* does nothing to change that finding.  *See, e.g., Barkley v. Meeks*, No. 15-cv-4928, 2016 WL 675053, \*2 (D.S.C. Jan. 20, 2016) (finding that there was no authority to plausibly suggest that *McFadden* altered the criminality of a defendant's conviction in the United States District Court for the Middle District of Florida for conspiracy to possess with intent to distribute cocaine base, and that the prisoner could not meet the savings clause under § 2255(e) on that basis).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the criteria to bring Ground One of his § 2241 petition under the savings clause contained in § 2255(e) because, neither *McFadden,* nor *Louis,* represent a substantive change in the law since Petitioner's conviction that is both

retroactive on collateral review and renders Petitioner actually innocent of his crime of conviction. Petitioner's claim concerning the failure to establish the *mens rea* element of his offense was available to him under federal law in place at the time of his conviction, and *McFadden* and *Louis* do not substantively change that law in a manner that should be retroactively applied to Petitioner's case. Consequently, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner cannot meet the *Jones* criteria for application of the savings clause and, therefore, this court lacks jurisdiction to consider Ground One of Petitioner's § 2241 petition.

### B.    Ground Two

In Ground Two of his § 2241 petition, Petitioner again relies on the Supreme Court's decision in *McFadden* to argue that he should be resentenced to a lower statutory sentence because of the absence of evidence to support the identity of the drug involved in his case, and the disparity between crack and powder cocaine sentences. In support of this claim, Petitioner relies upon the *Wheeler* test discussed above to meet the savings clause of § 2255(e).

Petitioner acknowledges that his sentence was legal under federal law at the time of his sentencing. (ECF No. 2 at 26). However, he again asserts that the Supreme Court's decision in *McFadden* involved an issue of statutory interpretation that is a retroactively substantive change in the law, and further asserts that it renders his sentence invalid. Specifically, his Memorandum of Law asserts:

> [A]s mentioned earlier, petitioner was alleged in a (1) Count Conspiracy pursuant to 21 U.S.C. 841(b)(1)([A]), where no drugs were ever recovered as evidence and/or introduced in this case to the "Identity" of the Substance.
>
> * * *

However, each of the offenses defined in 21 U.S.C. Section 841(a) may involve any controlled substance listed in Section 812, numerous variations under Section 841(a) are possible, and the penalty provisions in Section 841(b) must prove guidance for each variation.  Section 841(b)(1)(C) is the gateway into the penalty provisions applicable to Section 841(a) offenses involving Schedule I and II controlled substances; however, maximum penalties for these offenses vary based on the existence of certain facts, such as the type . . . of controlled substance involved in the offense, recidivism, and whether bodily injury or death resulted from the offense.  Moreover, the Language "except as provided in sub paragraph (A), (B), and (D)," illustrates that 21 U.S.C. § 841(b)(1)(C) provides a Maximum sentence of 20 years for a schedule I and II controlled substance offense; it is the starting point within which the judge must statutorily sentence a defendant found guilty of U.S.C. Section 841 violation.  See *United States v. Henderson*, 105 F. Supp.2d 523 (S.D. W. Va. 2000).

Therefore, in light of the <u>record</u> in support that the "<u>identity of the drug</u>" in this case "<u>remains unproven and silent</u>," this Honorable Court should further apply the Rule of Lenity that will be consistent with the Supreme Court's holding in *McFadden* requiring petitioner to be entitled to the Cocaine Powder Penalties . . . . [B]ased on all of the above, and what this case represents petitioner's sentence now exceeds the authorized statutory maximum penalty for his offense now in light of *McFadden*.  Also see *United States v. Marshall White*, No. 00-1144 (11th Cir. 2001) (Lack of Finding on Drug Type Base intervening change of Law requiring lowest possible guideline range . . .)  However, for all of these reasons, this Honorable Court should find petitioner also meets the requirements of the *Wheeler* "Savings Clause" that petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.

(ECF No. 2 at 27, 32-34).

*McFadden* does nothing to assist Petitioner on this claim either.  "Unlike § 841(a), § 841(b)'s penalty scheme imposes no *mens rea* requirement . . . . [A]s other circuits have held, the defendant's *knowledge* of drug type and quantity is not a fact that increases the statutory maximum penalty, and therefore . . . does not require the jury to find that the defendant knew what controlled substance was involved."  *United States v. Sanders*, 668 F.3d 1298, 1309-11 (11th Cir. 2012) (collecting cases finding that proof of defendant's knowledge of drug type and quantity not required to determine § 841(b) penalty).

Rather, Petitioner's claim that his increased statutory sentencing range, which included a mandatory minimum (when there was no drug quantity pled in his indictment or proven beyond a reasonable doubt to a jury), appears to implicate, not *McFadden*, but the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Alleyne v. United States*, 570 U.S. 99 (2013). In *Apprendi* and *Blakely*, the Supreme Court found that the Sixth Amendment requires that, any fact, other than a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum must be admitted by the defendant or proved to a jury beyond a reasonable doubt. 530 U.S. at 490; 542 U.S. at 303. In *Alleyne*, the Court extended the rationale of *Apprendi* to facts necessary to support an increased mandatory minimum sentence. 570 U.S. at 103.

The *Apprendi* line of decisions represented a change in the law that was constitutional in nature. Thus, if those decisions were retroactively applied, they would potentially allow Petitioner to assert a claim thereunder in a second or successive § 2255 motion. However, federal courts, including the Eleventh Circuit, have consistently held that those decisions are not retroactively applicable on collateral review. *See Starks v. Warden, FCC Coleman, USP I*, 552 F. App'x 869 (11th Cir. Dec. 19, 2013) (*Apprendi* does not apply retroactively on habeas review to claim of actual innocence of sentencing enhancement); *Barkley v. Warden, FCC, Jessup-Medium*, 604 F. App'x 917 (11th Cir. May 26, 2015) ("*Alleyne* is not retroactive and therefore could provide Barkley no relief . . ."); *In re Dean*, 375 F.3d 1287, 1290-91 (11th Cir. 2004) (holding that *Blakely* is not retroactive on collateral review). Because these decisions are matters of constitutional law and are not retroactive, Petitioner cannot satisfy the *Wheeler* criteria to raise this

16

claim under the savings clause in § 2255(e).  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the *Wheeler* criteria for application of the savings clause on this basis and, therefore, this court lacks jurisdiction to consider Ground Two of Petitioner's § 2241 petition.

### C.    Ground Three

In Ground Three of his § 2241 petition, Petitioner asserts that, using the *Wheeler* test to invoke the savings clause in § 2255(e), he is entitled to be resentenced without the statutory sentencing enhancement he received under 21 U.S.C. § 851, in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2001).  Petitioner contends that the § 851 enhancement improperly increased his mandatory minimum sentence from 10 years to life to 20 years to life.

In *Simmons*, the Fourth Circuit overruled its prior authority in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), and held that, in determining whether a sentencing enhancement was appropriate under the Controlled Substances Act ("CSA"), a district court may only consider the maximum possible sentence that the particular defendant in question could have received for a prior conviction. 649 F.3d at 243 (relying on *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010)).  Thus, if the particular defendant could not have been sentenced to a term of imprisonment greater than one year on the prior conviction, that conviction cannot be considered a qualifying felony offense for a sentencing enhancement under the CSA.

The *Simmons* court relied on the Supreme Court's decision in *Carachuri-Rosendo*, which applied this principle in the context of determining whether a prior conviction was an "aggravated felony" under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§

17

237(a)(2)(A)(iii), 1101(a)(43)(B), and 1227(a)(2)(A)(iii).  However, *Carachuri-Rosendo* has not been made retroactively applicable on collateral review.  Nonetheless, the Fourth Circuit declared that *Simmons* is retroactively applicable on collateral review.  *See Miller v. United States*, 735 F.3d 141 (4th Cir. 2013).  Thus, Petitioner now contends that his prior Florida conviction did not expose him to a sentence greater than one year and, thus, is not a valid qualifying felony offense that may be used to impose the § 851 enhancement.

However, as noted above, under the Fourth Circuit's decision in *Hahn*, under the *Wheeler* test, Petitioner may not rely on substantive changes in Fourth Circuit law to use the savings clause as a vehicle for relief.  Rather, because he was convicted in the Eleventh Circuit, he may only rely on changes in substantive law rendered by the Supreme Court or the Eleventh Circuit.  As *Simmons* is a Fourth Circuit decision, it does not provide Petitioner with an avenue for relief.  Furthermore, Petitioner has not cited to any equivalent substantive decision rendered by the Eleventh Circuit after the conclusion of his direct appeal and first § 2255 motion.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the *Wheeler* criteria for application of the savings clause on this basis and, therefore, this court lacks jurisdiction to consider Ground Three of Petitioner's § 2241 petition.

### D.    Ground Four

In Ground Four of his § 2241 petition, Petitioner asserts that, using the *Wheeler* test to invoke the savings clause in § 2255(e), he is entitled to be resentenced without the statutory sentencing enhancement he received under 21 U.S.C. § 851, in light of the Supreme Court's decisions in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006) and *Moncrieffe v.*

*Holder*, 133 S. Ct. 1678 (2013), and the Eleventh Circuit's decision in *Jones v. U. S. Att'y Gen.*, 742 F. App'x 491 (11th Cir. 2018). All of these decisions dealt with the definition of an "aggravated felony" under the INA, *supra*, 8 U.S.C. §§ 237(a)(2)(A)(iii), 1101(a)(43)(B), and 1227(a)(2)(A)(iii). That definition includes "illicit trafficking in drugs," which further incorporates the definition of a "drug trafficking crime" used in 18 U.S.C. § 924(c)(2), which is "any felony punishable under the Controlled Substances Act." *See* 8 U.S.C. § 1101(a)(43); 18 U.S.C. § 924(c)(2). Thus, to qualify for removal under the INA, a defendant must have committed an offense that is punishable as a felony under the CSA.

Petitioner's conviction and sentence do not implicate the INA. However, Ground Four of Petitioner's petition asserts that, in light of these decisions, his prior Florida conviction for possession of cocaine, which was used as a predicate offense for his § 851 enhancement, was not punishable as a felony under federal law but, rather, only as a misdemeanor under 21 U.S.C. § 844. Petitioner contends that these decisions support such a finding because they stand for the proposition that federal law controls the characterization of the predicate offense and that these decisions substantively altered the interpretation of a felony drug offense for the purpose of a § 851 enhancement. Petitioner asserts, "it doesn't make sense that [he] should be subject to enhancement only because his prior conviction was a state offense even though the same act, if prosecuted in federal court, would be a misdemeanor." (ECF No. 2 at 54) (emphasis in original).

However, the INA definitions are not implicated here. For the purpose of a § 851 enhancement, a "prior conviction" is defined as a "felony drug offense," which, at the time of Petitioner's sentencing, was "an offense that is punishable by imprisonment for more

19

than one year under any law of the United States or of a State . . . that prohibits or restricts conduct related to narcotic drugs, marihuana, anabolic steroids, or depressant, or stimulant substances." *See* 21 U.S.C. § 802(44). Thus, a "felony drug offense" for Petitioner's enhancement could be a felony under either federal or state law. *Burgess v. United States*, 553 U.S. 124 (2008) (a "felony drug offense" as that term is used in § 841(b)(1)(A), means an offense punishable by imprisonment for more than one year, whether or not the offense arises under state or federal law"). Since Petitioner's prior offense was a felony under Florida law, it was a qualifying felony offense for the § 851 enhancement, and these immigration decisions do not substantively change that fact.

Thus, *Moncrieffe* and the other cases relied on by Petitioner do not apply to the circumstances of his case and do not substantively change the law that applied to his sentence. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria to assert this claim under the savings clause in a § 2241 petition in this court and, thus, this court lacks jurisdiction to consider Ground Four of Petitioner's § 2241 petition.

### E.    Ground Five

In Ground Five of his § 2241 petition, Petitioner asserts that, using the *Wheeler* test to invoke the savings clause in § 2255(e), he is entitled to be resentenced without the statutory sentencing enhancement he received under 21 U.S.C. § 851, in light of the Eleventh Circuit's decision in *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016). At his sentencing, the district court relied upon existing Eleventh Circuit case law holding that "a prior plea of nolo contendere where adjudication is withheld was, nonetheless, a conviction for the purpose of 21 U.S.C. §§ 841(b) and 851. *See United States v. Smith*, 96

F.3d 1350 (11th Cir. 1996); *United States v. Mejas*, 47 F.3d 401, 404 (11th Cir. 1995); *United States v. Fernandez*, 58 F.3d 593, 600 (11th Cir. 1995). The *Mejas* opinion specifically noted that "federal law rather than state law defines what constitutes a 'conviction' for purposes of section [841(b)]."

However, in 2016, the Eleventh Circuit issued two opinions in the same criminal appeal that muddied the waters with respect to this issue. In *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016) ("*Clarke I*"), a panel of the Eleventh Circuit was confronted with the issue of whether a prior nolo contendere plea for which adjudication was withheld was a "conviction" for the purpose of being a felon in possession of a firearm under 18 U.S.C. § 922(g). Section 921(a)(20) of Title 18 of the United States Code provides that the issue of whether a conviction qualifies as a prior conviction under § 922(g) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

Thus, the Eleventh Circuit certified a question to the Florida Supreme Court asking whether Florida treats such a guilty plea as a conviction under state law. The Florida Supreme Court stated that a withheld adjudication is not a conviction for the purposes of Florida's own felon in possession statute. Based upon that ruling, the Eleventh Circuit vacated a conviction under § 922(g). Petitioner relies upon that decision in asserting that his prior Florida possession of cocaine offense, for which adjudication was withheld, cannot serve as a prior conviction for his enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851.

However, on the same day that *Clarke I* was issued, the same Eleventh Circuit panel issued a second unpublished decision in *United States v. Clarke*, 649 F. App'x 837

(11th Cir. 2016) ("*Clarke II*"), in which the court found no plain error based upon the district court's determination that the same prior Florida nolo contendere plea for which adjudication was withheld was a "conviction" under federal law for the purpose of 21 U.S.C. §§ 841(b) and 851. In that opinion, the court specifically discussed the prior rulings in *Mejas* and *Fernandez* and suggested that such authority was still good law.

Subsequently, courts within the Eleventh Circuit have held that "neither of the *Clarke* opinions overruled or undermined *Fernandez* or *Mejas*, and [an offense for which adjudication is withheld] was properly considered as a basis for an enhancement [under §§ 841(b) and 851]" and, furthermore, the *Clarke I* decision has not been made retroactively applicable on collateral review. *United States v. Durant*, No. 3:16-cv-608 (N.D. Fla. Aug. 17, 2018); *United States v. Jackson*, No. 1:16-cv-203 (N.D. Fla. Mar. 22, 2018); *Rogers v. United States*, No. 3:10-cv-382, 2017 WL 637487, at *2 and n.3 (M.D. Fla. Feb. 16, 2017) (quoting *United States v. Elliot*, 732 F.3d 1307, 1312-13 (11th Cir. 2013)) ("[A] plea of *nolo contendere* with adjudication withheld is a conviction for purposes of the §4B1.1 career offender enhancement"); *Burns v. United States,* No. 17-cv-61187 (S.D. Fla. 2017) ("The *Clarke* [*I*] decision has not been made retroactively applicable to cases on post-conviction relief."); *see also Moss v. Atkinson*, 767 F. App'x 466 (4th Cir. 2019) (recognizing that *Mejas* relies on a federal law definition of "conviction" that is not altered by a new construction of Florida law and denying § 2241 petition based on *Clarke I*). Accordingly, the substantive law supporting Petitioner's sentencing enhancement has not changed in a manner that can be applied retroactively. Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the second and third factors of the *Wheeler* test and this court lacks

22

jurisdiction to grant Petitioner relief under the savings clause on Ground Five of his § 2241 petition.

###    F.    Ground Six

In Ground Six of his § 2241 petition, Petitioner asserts that, using the *Wheeler* test to invoke the savings clause contained in § 2255(e), he is entitled to be resentenced without his § 851 enhancement, pursuant to the Ninth Circuit's decision in *United States v. Ocampo-Estrada*, 868 F.3d 1101 (9th Cir. 2017), and the Eleventh Circuit's decision in *Gordon v. U.S. Att'y Gen.*, 861 F.3d 13, 14 (11th Cir. 2017).  In those cases, the courts, again considering whether aliens subject to removal from the United States had been convicted of aggravated felonies under the INA.  However, these cases addressed whether the statutes at issue were "divisible," such that some portions of the statute might satisfy the aggravated felony definition, while other provisions may not.  The *Gordon* court recognized that "[a] state statute is divisible when it 'lists a number of alternative elements that effectively create several different crimes'" whereas "a state statute is indivisible when it contains a single set of elements that are not set forth in the alternative."  861 F.3d at 1318 (quoting *Donawa v. U.S. Att'y Gen.*, 735 F,3d 1275, 1281 (11th Cir. 2013) and citing *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) and *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)).

*Mathis* and *Descamps* addressed the appropriate usage of the categorical and modified categorical approaches to determine whether an offense meets the definition of a generic offense for a sentencing enhancement.  Under the categorical approach, "if the statute can be violated by an act that does not fit within the generic offense, then the statute cannot qualify as an aggravated felony under the categorical approach, and this is

true even if the actual conduct of the defendant fell within the generic crime." *Gordon*, 861 F.3d at 1318 (quoting *Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1177 (11th Cir. 2016). Under the modified categorical approach, the court may "consult a limited class of documents," including indictments, plea agreements, and jury instructions, to determine which alternative elements of the offense formed the basis of the defendant's conviction. *Id.*

Petitioner herein appears to cite to this authority to contend that Fla. Stat. § 893.13 is a divisible statute and that Petitioner's prior offense under Fla. Stat. § 893.13(1)(f) "criminalized conduct that falls outside of the 21 U.S.C. Section 851 and/or (C.S.A.) provision. (ECF No. 2 at 76-77). However, in light of the broadly construed definition of a "felony drug offense" found in 21 U.S.C. § 802(44), which is used to determine predicate offenses for § 851 enhancements, so long as an offense carries a maximum term of imprisonment longer than one year, and involves conduct related to, as relevant here, narcotic drugs or stimulants, it will qualify as a predicate for this enhancement. Petitioner was convicted of possession of cocaine under Fla. Stat. 893.13(1)(f), which carries a term of imprisonment of up to five years. Thus, it qualifies under the § 802(44) definition, and *Mathis* and *Descamps* and their progeny have no effect thereon.

Most significantly, however, even if this principle stemming from the Supreme Court's decisions in *Mathis* and *Descamps* affected Petitioner's sentencing enhancement, those decisions have not been made retroactively applicable on collateral review. *See, e.g., Farley v. United States*, No. 17-13250-F, 2018 WL 7050478, *2 (11th Cir. Nov. 1, 2018) (*Mathis* is not retroactive on collateral review); *United States v. Balcom*, 2014 WL 3446865, *1 (N.D. Fla. June 19, 2014) (collecting cases finding that *Descamps* is not

24

retroactive on collateral review), *report and recommendation adopted by* 2014 WL 3446984 (N.D. Fla. July 13, 2014). Thus, Petitioner cannot satisfy the third prong of the *Wheeler* test in order to assert this claim under the savings clause. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria to assert this claim under the savings clause in a § 2241 petition in this court and, thus, this court lacks jurisdiction to consider Ground Four of Petitioner's § 2241 petition.

### G.    Other issues concerning the § 851 enhancement

In various places in his § 2241 petition and in the attachments thereto, Petitioner refers to his objections to the imposition of the § 851 enhancement at his sentencing and the arguments made by counsel during the sentencing hearing. In addition to the issues already addressed herein, it appears that Petitioner objected to the § 851 enhancement based on his interpretation of 21 U.S.C. § 851(a)(2) and asserted that, because he neither was indicted, nor waived indictment, on the triggering Florida possession of cocaine offense, it was not appropriate to serve as a predicate offense for the § 851 enhancement.

However, Eleventh Circuit law in place at the time of his sentencing clearly addressed this issue and found that § 851(a)(2) does not require that the triggering offense for the enhancement have been brought by indictment, only that the defendant have been indicted or waived indictment on the offense of conviction for which he was then being sentenced under § 841(b). *See United States v. Brown*, 47 F.3d 1075 1076-77 (11th Cir. 1995); *United States v. Harden*, 37 F.3d 595 (11th Cir. 1994). Petitioner does not cite to any Supreme Court or Eleventh Circuit authority that substantively alters this precedent.

Accordingly, to the extent that Petitioner was attempting to again make this challenge in the instant § 2241 petition, he cannot satisfy the *Wheeler* savings clause criteria to do so.

At sentencing, Petitioner also objected to the use of his Florida possession of cocaine charge as a prior conviction for the § 851 enhancement on the basis that the Florida court allegedly did not follow proper procedures to transfer him from juvenile to adult status and to impose adult sanctions. During the sentencing hearing, the Assistant United States Attorney ("AUSA") made the following statement:

> MR. KNIGHT [AUSA]: Your Honor, as I understand the argument, the defense says that, I guess without any evidence, that there may be the possibility the court did not make specific findings of fact as to why adult sanctions should be imposed, and if that is the argument—

> MR. SHEEHAN [defense counsel]: That's the argument.

> MR, KNIGHT: Of course, Your Honor, there's absolutely no evidence that those findings weren't made by the court. And without being given the opportunity to produce the record, of course, the government can't assure the court there was. But for these purposes that conviction is final at this point for that possession of cocaine and the court can use that as an enhancement. Now if for some reason, you know, the defendant later goes back and is able to challenge that conviction and in fact has grounds to do it rather than speculation, then I think the sentencing that the court hands out today if it enhances him can be revisited. But for our purposes, Your Honor, I suggest that the enhancement, that conviction, is final. Just suggesting something might not have gone according to the rules is not any evidence that the court didn't do its job.

(ECF No. 2, Appx. W).

In the course of this § 2241 proceeding, Petitioner moved this court to treat the statement by the AUSA as a "stipulation" and to "enforce" the same. The undersigned previously denied that motion without prejudice. However, upon full briefing and development of the issues herein, it is apparent that the statement by the AUSA was not a stipulation permitting Petitioner to challenge his § 851 enhancement in a later

proceeding such as this. Rather, it was an acknowledgement that, if Petitioner were able to go back to the state court to successfully challenge how his state charges and penalties were imposed then, if that state conviction were overturned, there might be a basis for him to seek relief in federal court to challenge the § 851 enhancement at that time. Presently, Petitioner has not made any showing that his Florida possession of cocaine conviction has been reversed or called into doubt, and Petitioner is not relying on any change in substantive Supreme Court or Eleventh Circuit law that would enable him to challenge the enhancement in the instant § 2241 petition on that basis.

### H.    Conclusion

With respect to all of the claims asserted in his § 2241 petition, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review all of the claims contained in his § 2241 petition.

Moreover, while this court could construe the petitioner's petition as another § 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would likely be construed as another unauthorized second or successive motion. It further appears that Petitioner would not presently be entitled to any collateral relief on his claims. Therefore, treating the present petition as a section 2255 motion and transferring it to his court of conviction, or the Eleventh Circuit for authorization to file another § 2255 motion, would be futile.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 19-1), **DENY** Respondent's Motion to Transfer (ECF No. 19-2), **DENY** Petitioner's Motion for Summary Judgment (ECF No. 23), and **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and this civil action for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

28

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner, and to transmit a copy to counsel of record.

March 2, 2020

Dwane L. Tinsley
United States Magistrate Judge