IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BENJAMIN TILLMAN,

    Petitioner,

v.                                               CIVIL ACTION NO. 1:18-01244

BARBARA RICKARD, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation ("PF&R") on March 2, 2020, in which he recommended that the court deny petitioner's petition for writ of habeas corpus, deny petitioner's motion for summary judgment, deny respondent's motion to transfer, grant respondent's motion to dismiss, dismiss this action with prejudice, and remove this case from the court's active docket. (See ECF No. 31.)

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of

such party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  On March 16, 2020, petitioner, acting *pro se*, filed objections to the PF&R.  (See ECF No. 32.)  As such, his objections were timely.

I.  **Factual and Procedural Background**

Petitioner is incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving a 480-month term of imprisonment imposed by the United States District Court for the Northern District of Florida.  This sentence was imposed following his conviction by a jury on February 4, 1997, on one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(iii), and 846, as pled in Count One of the indictment.  See United States v. Tillman, No. 3:96-cr-00058, ECF No. 63 (N.D. Fla. 1997).  Petitioner's statutory sentencing range of 10 years to life in prison was increased to 20 years to life based upon the government's filing of an Information under 21 U.S.C. § 851.  (ECF No. 2, Ex. S.)  This Information set forth that petitioner was previously convicted in 1993 in the Circuit Court of Escambia County, Florida, of possession of cocaine, a third-degree felony under Fla. Stat. § 893.13(1)(f), which carried a penalty of a term of imprisonment not exceeding five years.  See Fla. Stat. §§ 893.13(1)(f), 775.982(3)(d).  On

2

April 18, 1997, petitioner was sentenced to 480 months (40 years) in prison, followed by a 10-year term of supervised release.[1]

Petitioner unsuccessfully appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit. United States v. Tillman, 138 F.3d 957 (11th Cir. Mar. 4, 1998). Thereafter, the Supreme Court denied a writ of certiorari, and his Judgment became final on October 13, 1998. See Tillman v. United States, 525 U.S. 699 (1998).

On July 19, 1999, petitioner filed a motion for a new trial, which was denied on July 22, 1999. Tillman, No. 3:96-cr-00058, ECF Nos. 157, 158. On appeal, the Eleventh Circuit affirmed the denial of the motion for a new trial. United States v. Tillman, 260 F.3d 625 (11th Cir. May 23, 2001).

Petitioner filed an initial Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the sentencing court on October 4, 1999. Tillman, No. 3:96-cr-00058, ECF No. 178. That motion was ultimately denied on January 2, 2001. Id., ECF No. 232. Petitioner's motion under Rules 59(e) and 60(b) was subsequently denied on February 8, 2001. Id., ECF Nos. 234,

---

[1] At his sentencing hearing, the district court attributed 72.9 kilograms of cocaine base as relevant conduct to petitioner's conspiracy offense. Thus, he was sentenced under 21 U.S.C. § 841(b)(1)(A), based upon that drug quantity. (ECF No. 2 at 28 and Appx. 4 [filed under seal in ECF No. 4]).

239.  He unsuccessfully appealed the denial of those motions to the Eleventh Circuit.  See id., ECF No. 271 (Order denying certificate of appealability and dismissing Appeal Nos. 01-01389-A and 01-11447-A (11th Cir. Sept. 18, 2001)).

On January 22, 2002, petitioner filed a second § 2255 motion, which was summarily dismissed as untimely on May 9, 2002.  Id., ECF Nos. 274, 282, 283.  His appeal of the dismissal of that motion was also unsuccessful.  See id., ECF Nos. 284, 301.  Petitioner has since filed numerous additional post-conviction motions seeking to be resentenced, motions seeking authorization from the Eleventh Circuit to file a second or successive motion under § 2255, and motions under 18 U.S.C. § 3582 seeking a reduction of his sentence, all of which have been denied.  (ECF No. 19, at 4-8.)

On August 22, 2018, petitioner filed the instant § 2241 petition in this court.

## II. Petitioner's Objections to the PF&R

Petitioner makes four objections to the PF&R, all of which relate to his claims analyzed in Ground One of the PF&R.[2]  (See

---

[2] In Ground One of his § 2241 petition, petitioner asserts that the government did not sustain its burden of proof with respect to his knowledge that the substance involved in his case was a controlled substance.  In support of this claim, petitioner relies upon McFadden v. United States, 135 S. Ct. 2298 (2015), and United States v. Louis, 861 F.3d 1330 (11th Cir. 2017).

4

ECF No. 31, at 8-14.) First, petitioner objects to the PF&R's analysis that because petitioner was convicted of conspiring to possess with intent to distribute cocaine base, which is not a controlled substance analogue ("analogue")[3], the Supreme Court's decision in McFadden "has no direct effect on Petitioner's conviction." (Id. at 10; ECF No. 32, at 2); see also McFadden v. United States, 576 U.S. 186 (2015).

Second, petitioner objects to the PF&R's finding that McFadden only marked a substantive change in the law in the context of analogues. (ECF No. 31, at 12; ECF No. 32, at 3-4.) Petitioner relies upon McFadden, 576 U.S. 186, Hahn v. Moseley, 931 F.3d 295 (4th Cir. 2019), United States v. Ritchie, 734 F. App'x 876 (4th Cir. 2018), and United States v. Stanford, 823 F.3d 814 (5th Cir. 2016), in support of his objection.

Petitioner's third objection is to the PF&R's finding that petitioner had previously unsuccessfully asserted his argument that the government failed to prove the identity of the drug. (ECF No. 31, at 12; ECF No. 32, at 5-6.) The PF&R concluded

---

[3] Controlled substance analogues are substances that have chemical structures that are substantially similar to Schedule I and II controlled substances, but do not include controlled substances. 21 U.S.C. § 802(32)(A),(C)(i). Pursuant to 21 U.S.C. § 813, "a controlled substance analogue shall, to the extent intended for human consumption, be treated for the purposes of any Federal law as a controlled substance in schedule I." 21 U.S.C. § 813.

5

that because he has previously made this argument, it was available to him at the time of his conviction, and thus McFadden cannot be considered a new rule for petitioner's purposes. (ECF No. 31, at 12.) Petitioner objects, arguing that his McFadden claim was not available to him at the time of his conviction, and that McFadden and United States v. Louis, 861 F.3d 1330 (11th Cir. 2017), then changed the law in his favor. (ECF No. 32, at 6-8.) Essentially, petitioner's first three objections are objections to the PF&R's analysis of the second prong of the savings clause test, regarding whether McFadden sets forth a new substantive change in Eleventh Circuit law.

Petitioner's fourth objection is to the PF&R's conclusion that his transfer of custody from the jurisdiction of the Eleventh Circuit into the Fourth Circuit has no effect on the success of his claims. (Id. at 9-10.) He also objects to the PF&R's citation to Barkley v. Meeks, 2016 WL 675053, *2 (D.S.C. Jan. 20, 2016), as he argues that reliance on Barkley is misplaced because both Hahn and Louis were decided after Barkley, and because it is not binding on this court as an unpublished case. (ECF No. 32, at 10.)

Petitioner lastly "opposes all allegations in the PF&R" on grounds two through six, but does not object with specificity to

6

any of these issues. (See id. at 11.) This general opposition to the PF&R does not compel *de novo* review of grounds two through six. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982)

III. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, *de novo* review is not required and unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47-48; see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749

7

(S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

## IV. Analysis

### A. *Standard for Satisfying the Savings Clause*

The savings clause creates a narrow exception allowing a § 2255 claim to be brought under § 2241 because § 2255 is inadequate and ineffective. To meet the savings clause exception for a challenge to the validity of a conviction,[4] a petitioner's claim must meet the following three conditions: (1)

---

[4] Petitioner's objections all relate to the PF&R's findings as to his first claim, which is a challenge to the validity of his conviction. Therefore, the Jones test is the applicable standard for review of petitioner's savings clause argument.

at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions because the new rule is not one of constitutional law. In re Jones, 226 F.3d 328, 333-34 & n.3 (4th Cir. 2000). The petitioner bears the burden of establishing that he satisfies all three Jones savings clause criteria.

In interpreting the phrase "this circuit," as used in both standards, the Fourth Circuit has held that it is the law of the petitioner's circuit of conviction and sentencing - which in this case is the Eleventh Circuit - that controls. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.").

### B. *Analysis of Objections*

Petitioner's first three objections are objections to the PF&R's analysis of the second prong of the Jones savings clause test, and so this court will conduct a *de novo* review of that

9

second prong.  The second prong requires that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law [in the Supreme Court or the circuit of conviction] changed such that the conduct of which the petitioner was convicted is deemed not to be criminal."  Jones, 226 F.3d at 334.  The specific issue here is whether McFadden constitutes a substantive change in Eleventh Circuit law as to all controlled substance convictions, or just to convictions for analogues.

At the time petitioner was convicted, the law required proof of the defendant's knowledge that he was dealing with a controlled substance for violations of the Controlled Substances Act.  See United States v. Figueroa, 720 F.2d 1239, 1244 (11th Cir. 1983) ("To sustain a conviction of possession with intent to distribute, the government must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it.").  McFadden did not change this rule of law.  Instead, McFadden merely announced that the mens rea requirement for controlled substances applies to analogues as well.  See McFadden v. United States, 135 S. Ct. 2298, 2305 (2015) ("The question in this case is how the mental state requirement . . . applies when the controlled substance is in fact an analogue. . . . The answer begins with § 841(a)(1) . . . The Analogue Act

10

does not alter that provision, but rather instructs . . . the Government [to] prove that a defendant knew that the substance with which he was dealing was 'a controlled substance,' even in prosecutions involving an analogue."). Thus, the Supreme Court's decision in McFadden states a new rule of statutory interpretation for the mental state required to convict for analogues – but states no new rule regarding the mental state required for convictions involving controlled substances. See id. at 2304 ("The ordinary meaning of § 841(a)(1) thus requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal drug schedules. The Courts of Appeals have recognized as much.").

The Eleventh Circuit has interpreted McFadden similarly. See, e.g., United States v. Turner, 684 F. App'x 816, 822 (11th Cir. 2017) (In McFadden, the Court similarly read a mens rea requirement into the federal law treating analogues of controlled substances the same as controlled substances."); United States v. Blanc, 631 F. App'x 860, 862 (11th Cir. 2015) ("In McFadden, the Supreme Court construed the language of the Controlled Substance Analogue statutes.").

Even the Eleventh Circuit case petitioner cites in support of his argument, United States v. Louis, 861 F.3d 1330 (11th Cir. 2017), clearly demonstrates that McFadden did not create a

11

new rule for non-analogue convictions under § 841.  In Louis, the Eleventh Circuit not only cited Figueroa when reciting the mens rea for controlled substances, but then followed that by stating "in McFadden v. United States, *the Supreme Court reemphasized this knowledge requirement*."  Id. at 1333 (citing Figueroa, 720 F.2d at 1244) (emphasis added).  The Eleventh Circuit reversed Louis's conviction not because McFadden changed the law of the circuit regarding the mens rea requirement for convictions under § 841, but because the Figueroa standard – as restated by McFadden – was not met in Louis.  See id. at 1334 ("We cannot find, however, that the government proved beyond a reasonable doubt that Louis knew the boxes placed in his car contained a controlled substance. . . . [T]he government presented no evidence that Louis knew that there was a controlled substance (as opposed to any other contraband) within the sealed boxes placed by others in his backseat."); see also United States v. Khan, 2017 WL 9605112, at *4 (N.D. Ga. Sept. 5, 2017), report and recommendation adopted, 2018 WL 2213978 (N.D. Ga. May 15, 2018) ("McFadden and Louis . . . do not create a new pleading standard for criminal indictments.").

The other cases petitioner relies upon - Hahn v. Moseley, 931 F.3d 295 (4th Cir. 2019), United States v. Ritchie, 734 F. App'x 876 (4th Cir. 2018), and United States v. Stanford, 823

12

F.3d 814 (5th Cir. 2016) – are not relevant because they are not Eleventh Circuit opinions. But more than that, none of those cases support an understanding that McFadden created a new substantive rule for non-analogue convictions under § 841. Hahn does not discuss McFadden or analogues at all. See 93 F.3d 285. And while Ritchie and Stanford apply McFadden's stricter mens rea requirement, both do so only in the context of convictions under the Analogue Act. See Ritchie, 734 F. App'x at 880; Stanford, 823 F.3d at 827.

Specifically as to petitioner's third objection regarding whether McFadden constitutes a "new" rule for petitioner's purposes, even assuming without deciding that petitioner correctly objects that his claim was not available to him at the time of his conviction, this objection is moot because McFadden does not satisfy the other elements of the second Jones savings clause criteria.

Because McFadden has not created a new rule of substantive law in the Eleventh Circuit regarding convictions for controlled substances, petitioner cannot satisfy the second prong of the Jones savings clause test, and petitioner's first three objections are **OVERRULED**.

Petitioner's fourth objection is without merit, as it is clear that the savings clause analysis under Jones is based upon

13

the law of the circuit of conviction.  Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.").[5]  Therefore, the PF&R correctly concluded that his transfer of custody from the jurisdiction of the Eleventh Circuit into the Fourth Circuit has no effect on the success of his savings clause claim.  As to the PF&R's citation to Barkley v. Meeks, 2016 WL 675053, *2 (D.S.C. Jan. 20, 2016), petitioner is correct that the case is not binding upon this court, but it is persuasive authority that this court may give great or little weight to in its discretion. Moreover, Hahn is binding as it is a published Fourth Circuit decision, and the application of Hahn, as expressed above, is reason enough to **OVERRULE** petitioner's fourth objection.

The court has reviewed the record, the Magistrate Judge's findings and recommendations, and petitioner's objections.  For the foregoing reasons, petitioner's objections are **OVERRULED**. Accordingly, the court **DENIES** petitioner's motion under 28 U.S.C. § 2241 and **DISMISSES** this case.

---

[5] Petitioner's custody in the jurisdiction of the Fourth Circuit is only relevant to his savings clause analysis in that all procedural law applied to his claims will be Fourth Circuit procedural law.

**III. Conclusion**

The court adopts the Findings and Recommendation of Magistrate Judge Tinsley as follows:

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**;

2. Petitioner's motion for summary judgment is **DENIED**;

3. Respondent's motion to transfer is **DENIED**;

4. Respondent's motion to dismiss is **GRANTED**;

5. This action is **DISMISSED** with prejudice; and

6. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 31st day of March, 2020.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge