IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BENJAMIN TILLMAN,

    Petitioner,

v.                                          CIVIL ACTION NO. 1:18-01244

BARBARA RICKARD, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER

On March 2, 2020, Magistrate Judge Dwane L. Tinsley submitted his Proposed Findings and Recommendation ("PF&R"), in which he recommended that the court dismiss petitioner's § 2241 petition for writ of habeas corpus. (ECF No. 31.) Petitioner timely filed objections on March 16, 2020. (ECF No. 32.) On March 31, 2020, this court overruled petitioner's objections, adopted the findings of Magistrate Judge Tinsley, and dismissed this action. (ECF Nos. 33, 34.) On April 6, 2020, petitioner filed a notice of appeal of this court's ruling to the Fourth Circuit Court of Appeals. (ECF Nos. 37.)

Now pending before the court is petitioner's letter-form motion, which the court construes as a motion requesting the court grant the petitioner bail while his § 2241 petition is under consideration.[1] (ECF No. 36.) Petitioner filed his motion

---

[1] The instant motion is petitioner's second motion for bail. Petitioner previously filed a Motion for Release on (Bail)

on April 1, 2020, before he filed his notice of appeal to the Fourth Circuit.  (See id.)  In most cases, an appeal divests the district court of jurisdiction.  Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  However, the court retains jurisdiction over petitioner's instant motion for bail because the motion was filed prior to petitioner filing a notice of appeal, and because the motion for bail does not relate to any aspect of the case involved in the appeal.  (Compare ECF No. 36, with ECF No. 37); see also United States v. Christy, 3 F.3d 765, 767-68 (4th Cir. 1993) ("[T]he district court was without authority to act on Wooden's motions *which involved aspects of the case involved in the appeal*") (emphasis added).

    Petitioner makes two arguments in his motion for why he should receive bail while he awaits the court's decision on his petition: 1) his objections are meritorious and he will prevail in his § 2241 petition; and 2) the Coronavirus Aid, Relief, and

---

Pending Final Resolution of Petitioner's 28 U.S.C. § 2241 Petition and (All) Related Documents Before this Honorable Court, (ECF No. 24), which was denied by Magistrate Judge Tinsley the same day the PF&R was submitted.  (ECF No. 30.)

Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), gives greater discretion to the court to grant bail. The court hereby **DENIES** petitioner's motion for the following three reasons.

First, the court disagrees that petitioner is likely to prevail in his § 2241 petition: the court reviewed the record and the PF&R, and conducted a de novo review of the portions of the PF&R which petitioner objected to, and concluded that the § 2241 petition should be denied. (See ECF No. 33.)  Second, the CARES Act does not empower courts to grant bail to incarcerated persons.  The CARES Act instead vests greater discretionary authority to the Director of the Bureau of Prisons to lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement. See CARES Act, § 12003(b)(2).  And third, the court sees no other reasons why granting bail to petitioner while his case is on appeal is appropriate; it would not be in the interests of justice to do so.  Thus, petitioner's request for bail must be **DENIED.**

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 4th day of May, 2020.

ENTER:

David A. Faber
Senior United States District Judge